### JEREMIAH DEARBORN *versus* JOSEPH R. W. HOIT.

An action cannot be maintained in this State, under the law of 1851, "for the suppression of drinking-houses and tippling shops," for the price of intoxicating liquors.

ON REPORT from *Nisi Prius*, GOODENOW, J., presiding.

This was an action brought by the plaintiff, who resided in Massachusetts, against the defendant, who resided in Brunswick, Maine, to recover a balance of account for intoxicating liquors sold the defendant.

The writ was dated December 25, 1854, and contained one count on account annexed. The items of the account annexed were as follows:—

1853, Feb. 19.—Keg 85 c. 10 Galls. Cog. Brandy, *a.* $2, $20,85
  Mar. 1.—1 Blb. Whiskey, 41½ galls. *a.* 80. 33,20
  " 1.—Keg 85 c. 10 Galls. H. Gin, *a.* $1,25, 13,35
  " 23.—Keg 85 c. 10 Galls. Brandy, *a.* $2, 20,85

  $88,25

The plaintiff proved, that sometime before the suit was commenced, the bill was presented to defendant for payment, who then "said it was all right, and that the next time plaintiffs' agent called, he would hand him the money for it." The bill was afterwards presented a second and a third time; the second time defendant said he would pay it; the third time he said he would pay fifteen dollars for it. The witness by whom the last named facts were proved, stated on cross-examination, that he did not know who delivered the liquor to defendant, or when it was left at his house.

The plaintiffs offered a copy of a license given by the mayor and aldermen of the city of Boston, to S. Dearborn & Co., the 26th of April, 1852, and in force till April 26th, 1853, in which said Dearborn & Co. were licensed to sell "at No. 6, Foster's wharf, and at that place only," in the city of Boston, "intoxicating liquors in less quantities than 28 gallons, at retail, said quantities so sold to be delivered and carried away all at one time."

The defence was, that the sale was made in violation of the laws of Maine and Massachusetts, and that the action could not be maintained on the proof adduced by the plaintiffs.

If the action could be maintained on the facts, a default was to be entered, otherwise plaintiffs were to become nonsuit.

*O'Donnell,* for defendant.

1. The contract declared upon being in violation of a penal statute, at its inception, cannot be enforced. *Cobb* v. *Billings,* 23 Maine, 471; *Ellsworth* v. *Mitchell,* 31 Maine, 247; *Jones* v. *Knowles,* 30 Maine, 402; *Buxton* v. *Hamblen,* 30 Maine, 450.

2. No action of any kind is maintainable in the Courts of Maine for liquors sold in any other state or country. Act of 1851, § 16; Act of 1855, § 23; *Deering* v. *Chapman,* 22 Maine, 488. The same interdiction exists in Massachusetts. Stat. 1852, c. 322, § 19; (Sup. to R. S., p. 921;) Stat. 1855, c. 215, § 37.

3. It was incumbent on plaintiffs to prove their license. 25 Maine, 171.

4. A license to sell at a particular place in Boston is relied upon. No testimony is offered to justify under this license. On the contrary, the statement of the. witness on cross-examination, tends to establish the sale at defendant's house at Brunswick, in this State, where the sale was clearly illegal.

5. The provisions of law in Massachusetts in force in Feb. and March, 1853, when the sale took place, prohibited all such sales, and took away all remedies.

6. The proof of promise to pay on the part of defendant, could have no effect to increase his liability.

*Simmons,* for plaintiffs.

1. The defendant is proved to have promised to pay the bill.

2. The liquors are shown to have been purchased in Massachusetts, and the plaintiffs were licensed to sell in that State. Every man is presumed to be innocent of transgressing the penal code, in the absence of proof to the contrary. Here there is no evidence to repel such a presumption. 1 Greenl. Ev. § § 34, 40.

3. There was no proof that the liquors were purchased or intended for unlawful use or sale in this State. *Preston* v. *Drew,* 33 Maine, 558.

GOODENOW, J. — We are of opinion that this action cannot be maintained.                     *Plaintiffs nonsuit.*

TENNEY, C. J., and RICE, CUTTING and HATHAWAY, J. J., concurred.